78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Flossie M. STEARNS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3015.
 United States Court of Appeals, Federal Circuit.
 Feb. 7, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Flossie M. Stearns petitions for review of a decision of the Merit Systems Protection Board, Docket No. SL-0831-95-0374-I-1, affirming the decision of the Office of Personnel Management (OPM) denying her request for a former spouse survivor annuity. We affirm.
 
 DISCUSSION
 
 2
 Gilbert and Flossie Stearns divorced in 1974. Gilbert Stearns retired from federal service effective January 3, 1988. Ms. Stearns applied to OPM for "pension benefits as an ex-spouse" of Gilbert Stearns on October 14, 1994. OPM interpreted her application as one for a survivor annuity as a former spouse, which would commence payment when and if Gilbert Stearns predeceased her. OPM denied her application, however. The Board affirmed OPM's decision, finding that the applicable statute provides that a survivor annuity is not available to a former spouse who divorced the employee before May 7, 1985, the effective date of the statute, unless the employee retired or died before that date. See Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, § 4(b)(1), 98 Stat. 3195, 3205 (codified as amended at 5 U.S.C. § 8341 note); 5 C.F.R. § 831.683. Since Gilbert and Flossie Stearns were divorced before May 7, 1985, and Gilbert Stearns retired after May 7, 1985, the Board found that Ms. Stearns was not eligible to receive a survivor annuity.
 
 
 3
 Because of her former husband's retirement date, Ms. Stearns falls outside the statutory criteria for a former spouse to receive a survivor annuity. On appeal, Ms. Stearns argues that the statute is unfair and that equitable factors call for the statutory criteria to be waived in her case. This court, however, has no power to make exceptions in individual cases when the requirements of the governing statute are not satisfied. Office of Personnel Management v. Richmond, 496 U.S. 414, 432 (1990).